West, J.
Section 191 of the code of civil procedure,, as amended February 16, 1865 (S. & S. 550), provides, among other grounds, that an attachment may issue “ in a. civil action for the recovery of money,” when the defend- and has “ fraudulently or criminally contracted the debt or incurred the obligation for which suit is about to be or has- *114 ¡been brought.” This record presents the single question, whether the liability on which the action was founded is an obligation criminally incurred within the meaning of this statute.
It has been supposed that the import of the terms “ debt” and “ obligation,” necessarily restricts the operation of the statute to causes originating in contract; and authorities are cited to the effect that attachment will not lie in an action to recover unliquidated damages for a cause not thus originating. The Merchants Bank of Cleveland v. Ohio Life Ins. and Trust Co., 1 Disney’s Superior Court Rep. 469; Drake on Attachment, sec. 10, and cases therein cited. Without assuming to determine what rule obtains in causes not having a contract origin, in which the element of criminality is wanting, we are clear in the opinion that in causes where this element is present, the term “ obligation,” in the •statutory sense employed, is equivalent to liability.
It is possible that the word “fraudulently,” standing .alone, as it did, in the original act, confined its operation to causes sounding in contract, as the term implies confidence .and deception. But fraudulently and criminally are neither synonymous nor convertible. There are liabilities, in the ■origin of which the elements of both fraud and criminality are present, as in case of obtaining property by false pretense. But the ingredient of criminality may be pre'sent in many instances without that of fraud proper, as in the case of larceny, arson, libel, injury to person, and the like.
Unless, therefore, the amendatory act shall be held meaningless, it must be construed to embrace this latter class of •causes, and we are constrained to accord it this construction.
The supposed hardships which, it is suggested, may result from this, by the opportunity it affords malevolence or exasperation to tie up excessive amounts of property, should be the ground of appeal to the legislative rather than to the judicial power. We can administer the law only as we find it. Possibly some limitation should be imposed •on the power to abuse the process, but to us no reason is *115 apparent why a cause originating in crime should not be dealt with as harshly as one springing from fraud.
The judgment of the Common Pleas, discharging the attachment, will be reversed, and the cause remanded for further procedings.